# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ALEX ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0559** (BOR Appeal No. 2053991)
                      (Claim No. 2016019732)

**JAMES TINNEL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alex Energy, Inc., by Counsel Sean Harter, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). James Tinnel, by Counsel William B. Gerwig III, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 1% permanent partial disability award on October 4, 2017. The Office of Judges reversed the decision in its February 4, 2019, Order and granted a 10% permanent partial disability award. The Order was affirmed by the Board of Review on May 20, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tinnel, a mine foreman, injured his right shoulder, hand, and cervical spine in the course of his employment on December 11, 2015. An injury report completed that day by Eric Rapp, environmental manager, indicates Mr. Tinnel was injured while trying to climb into a loader. His hand slipped in grease, and he swung into the ladder. He reported tingling/numbness in his right arm, shoulder, and fingers.

Mr. Tinnel saw Joseph Dawson, D.O., on December 18, 2015, for a follow-up for blood pressure and his feet. It was noted that he reported right shoulder pain and right hand, elbow, and forearm numbness following a work-related injury. Dr. Dawson diagnosed pain in the limb and

1

idiopathic progressive polyneuropathy. On April 2, 2016, Michael Condaras, D.C., performed an independent medical evaluation in which he opined that Mr. Tinnel had reached maximum medical improvement for his compensable injury. He assessed 2% right shoulder impairment. Based on his report, the claims administrator granted a 2% permanent partial disability award for the right shoulder on April 18, 2016.

In a September 6, 2016, diagnosis update form, Dr. Dawson listed the primary diagnosis as cervical radiculopathy and the secondary diagnoses as cervical intervertebral disc stenosis, lumbago with sciatica, and thoracic intervertebral disc displacement. An EMG/NCS was performed on January 23, 2017, for cervical pain with radiculopathy into the right arm. The results showed right cubital tunnel syndrome, bilateral carpal tunnel syndrome, and mild, chronic radiculopathy with no active denervation.

Mr. Tinnel sought treatment from Russell Biundo, M.D., on March 2, 2017. It was noted that the EMG study was essentially negative for acute processes, and MRIs were also essentially normal. Dr. Biundo recommended referral to a pain clinic for injection treatment of complex regional pain syndrome.

On March 2, 2017, Kenneth Fortgang, M.D., performed an Age of Injury Analysis of Mr. Tinnel's spine. He found that a February 3, 2017, cervical MRI showed multilevel degenerative changes with no herniation. The findings were all chronic and not related to the compensable injury. For the thoracic spine, Dr. Fortgang determined that a thoracic MRI showed two protrusions and minimal spondylosis. He opined that the findings were not related to the compensable injury and were instead chronic. Regarding the lumbar spine, Dr. Fortgang opined that a February 3, 2017, lumbar MRI showed chronic bulging and protrusions.

David Soulsby, M.D., performed an independent medical evaluation on April 20, 2017, in which he diagnosed right shoulder sprain, cervical sprain, right wrist sprain, right hand contusion, and possible complex regional pain syndrome. Mr. Tinnel was at maximum medical improvement. He assessed 8% cervical spine impairment but apportioned half to preexisting degenerative disc disease. For the right shoulder, Dr. Soulsby found 2% impairment. For the right wrist, he assessed 6% impairment. Lastly, Dr. Soulsby found 10% impairment for the right fingers. His total combined impairment assessment was 21%.

In a June 22, 2017, letter, the claims administrator listed the compensable conditions as right hand contusion, right wrist sprain, cervical sprain, and neck strain. The claims administrator denied the addition of cervical radiculopathy, cervical disc stenosis, lumbago with sciatica, and thoracic intervertebral disc displacement to the claim.

Marsha Bailey, M.D., performed an independent medical evaluation on August 29, 2017, in which she diagnosed chronic cervical, thoracic, and right scapular pain. Dr. Bailey opined that Mr. Tinnel reached maximum medical improvement long ago and disagreed with a diagnosis of complex regional pain syndrome. She found no medical evidence or diagnostic studies to support the diagnosis. Dr. Bailey assessed 1% impairment for the cervical spine. Based on her report, the

claims administrator granted Mr. Tinnel a 1% permanent partial disability award on October 4, 2017.

Bruce Guberman, M.D., performed an independent medical evaluation on November 10, 2017, in which he diagnosed chronic posttraumatic strain of the cervical spine, thoracic spine, and right wrist. He assessed 2% right wrist impairment and 8% cervical spine impairment for a total of 10% impairment due to the compensable injury.

On December 6, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he diagnosed right shoulder sprain. He found no credible medical evidence of cervical radiculopathy. Dr. Mukkamala found that motor and sensory examination of the upper extremities was normal. Dr. Mukkamala also found evidence of cervical degenerative disc disease and spondylosis, which he opined were not related to the compensable injury. Dr. Mukkamala made similar findings for the thoracic spine. Dr. Mukkamala opined that there was no evidence of complex regional pain syndrome and opined that Mr. Tinnel had reached maximum medical improvement for his compensable injury.

In a July 10, 2018, supplemental report, Dr. Mukkamala stated that he assessed 0% right hand and wrist impairment, 0% right shoulder impairment, and 4% cervical spine impairment. For the thoracic spine, Dr. Mukkamala found that Mr. Tinnel had 4% impairment and, given his prior award, should be granted an additional 1% impairment. Dr. Mukkamala disagreed with Dr. Soulsby's finding of 17% impairment for the right shoulder, wrist, and hand. Dr. Mukkamala found normal range of motion in the right extremity. In regard to Dr. Guberman's report, Dr. Mukkamala noted that Dr. Guberman failed to apportion his impairment findings for preexisting conditions. Dr. Mukkamala also noted that while Dr. Guberman found right wrist impairment, neither he nor Dr. Bailey found such impairment.

The Office of Judges reversed the claims administrator grant of a 1% permanent partial disability award and instead granted a 10% award in its February 4, 2019, Order. It found that the most reliable report of record was that of Dr. Guberman, who found 10% impairment. The Office of Judges concluded that Dr. Guberman's decision not to apportion for cervical and right wrist impairments was correct. The reports of Drs. Mukkamala, Soulsby, and Bailey were found to be less reliable because they apportioned for preexisting impairments, which was not supported by the record. The Office of Judges concluded that West Virginia Code of State Rules § 85-20, requires that in order to apportion an impairment rating, there must be evidence establishing a preexisting range of motion loss. Dr. Guberman opined in his evaluation that apportionment was not appropriate in this case. He found that while Mr. Tinnel had preexisting degenerative changes, he was asymptomatic prior to the injury.

Regarding Dr. Bailey's evaluation, the Office of Judges determined that she was the only evaluator of record to find invalid cervical range of motion results. The Office of Judges concluded that the evidence shows that Mr. Tinnel suffered cervical impairment as a result of his compensable injury. Further, Dr. Bailey apportioned his cervical impairment, which was not supported by the record. Dr. Bailey's apportionment was based on radiographic evidence of degenerative disc disease, but Mr. Tinnel was asymptomatic prior to the compensable injury. Dr. Soulsby's report

3

was also found to be unreliable. He found impairment for the right hand, which no other evaluator found. The Office of Judges noted that he also apportioned half of the cervical impairment for preexisting degenerative changes. Dr. Mukkamala also apportioned half of the cervical impairment, which the Office of Judges concluded was not supported by the evidence of record. Dr. Mukkamala's apportionment was based solely on radiographic evidence. The Office of Judges also found that Dr. Mukkamala incorrectly reduced his cervical impairment finding based on a previous shoulder impairment award.

Dr. Guberman's report was determined to be the most reliable of record. He obtained valid cervical range of motion findings and his impairment rating was found to be reasonable. The Office of Judges concluded that Dr. Guberman correctly used West Virginia Code of State Rules § 85-20 in his assessment. He declined to apportion for preexisting cervical impairment and stated that there was no evidence of impairment prior to the compensable injury. The Office of Judges concluded, per Dr. Guberman's report, that Mr. Tinnel was entitled to a 10% permanent partial disability award.

The Board of Review adopted the findings of fact and conclusion of the Office of Judges but declined to adopt the Office of Judges' analysis regarding apportionment in its May 20, 2019, decision. Nevertheless, the Board of Review found that Mr. Tinnel had no definitely ascertainable preexisting impairment and affirmed the grant of a 10% permanent partial disability award.

After review, we agree with the Board of Review. The evidence fails to show that Mr. Tinnel suffered any ascertainable impairment prior to the compensable injury. The radiographic scans indicate that he has degenerative changes; however, it does not seem that he suffered any impairment as a result of such changes prior to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4